UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LULA INGRAM, Individually and as Special Administrator and Special Representative of Timothy Ingram<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN COMMUNITY HEALTH CARE CENTER, and DIANE MCKENZIE, MSN, APRN, BC, Individually and as agents and servants of employee of Christian Community Health Care Center<br><br>Defendants. | FILED: MAY 06, 2008<br>08CV2587   LCW<br>JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE COLE<br><br><br><br><br><br>Formerly case No. 08 L 001606,<br>Circuit Court of Cook County, Illinois |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND**
**SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:   Clerk of the Court                                Timothy R. Tyler
      Circuit Court of Cook County                      Timothy R. Tyler & Associates, P.C.
      Richard J. Daley Center, Room 801                 120 West Madison
      50 West Washington Street                         Suite 505
      Chicago, Illinois 60602                           Chicago, IL 60602

The United States, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, and 42 U.S.C. § 233, and in support thereof states the following:

1.  On February 13, 2008, plaintiff Lula Ingram commenced the above civil action against Christian Community Health Care Center and Diane McKenzie MSN, FPN, BC, alleging

medical malpractice. A copy of the state court complaint is attached as Exhibit A. For purposes of this lawsuit, Diane McKenzie MSN, FNP, BC was a nurse practitioner for Roseland Christian Health Ministries d/b/a Christian Community Health Care Center, a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.

2. This notice of removal is filed in accordance with 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendants Roseland Christian Health Ministries d/b/a Christian Community Health Care Center and Diane McKenzie MSN, FPN, BC were acting within the scope of their employment as a federal government employee at the time of the incidents out of which the claim arose. Exhibit B.

3. This notice of removal may be filed without bond at any time before trial. 28 U.S.C. § 2679(d)(2). Trial has not yet been had in this action.

4. Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 2679, this civil action is deemed an action against the United States and the United States is substituted as the sole federal party defendant in place of defendants Roseland Christian Health Ministries d/b/a Christian Community Health Care Center and Diane McKenzie MSN, FPN, BC.

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following documents:

NOTICE OF REMOVAL OF A CIVIL ACTION AND SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

were served on May 6, 2008, in accordance with FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, if any, and were mailed to:

Clerk of the Court
Circuit Court of Cook County
Richard J. Daley Center, Room 801
50 West Washington Street
Chicago, Illinois 60602

Timothy R. Tyler
Timothy R. Tyler & Associates, P.C.
120 West Madison
Suite 505
Chicago, IL 60602


s/ Amanda A. Berndt
AMANDA A. BERNDT
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
Amanda.Berndt@usdoj.gov

Attorney No. 28788

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| LULA INGRAM, Individually and as Special Administrator and Special Representative of Estate of TIMOTHY R. INGRAM, deceased, <br>     Plaintiff, <br><br> v. <br><br><br> CHRISTIAN COMMUNITY HEALTH CARE CENTER and, DIANE MCKENZIE MSN, APRN, BC Individually and as agents and, servant, or employee of CHRISTIAN COMMUNITY HEALTH CARE CENTER <br>     Defendants. | ) ) ) ) ) ) ) No. ) ) ) ) ) ) ) ) ) ) |

### COMPLAINT AT LAW

NOW COMES the plaintiff LULA INGRAM, Individually and as Special Administrator and Special Representative of the Estate of TIMOTHY R. INGRAM, deceased through her attorneys, TIMOTHY R. TYLER & ASSOCIATES, P.C., complaining of defendant CHRISTIAN COMMUNITY HEALTH CARE CENTER and, DIANE MCKENZIE MSN, APRN, BC Individually and as its agent and employee of CHRISTIAN COMMUNITY HEALTH CARE CENTER and states as follows:

### COUNT I
### CHRISTIAN COMMUNITY HEALTH CARE CENTER
### WRONGFUL DEATH

1. That plaintiff LULA INGRAM is the wife of TIMOTHY INGRAM, deceased, and has been appointed Special Administrator and Special Representative of the Estate of

1


GOVERNMENT EXHIBIT A

TIMOTHY INGRAM. A copy of the Order appointing LULA INGRAM is attached hereto.

2. That at all times complained-of herein, plaintiff LULA INGRAM and the decedent TIMOTHY INGRAM, were residents of the city of Calumet, County of Cook, state of Illinois.

3. That at all times complained of herein, defendant CHRISTIAN COMMUNITY HEALTH CARE CENTER (hereinafter referred to as "CHRISTIAN COMMUNITY") was and is a licensed health care facility located and operating in the city of Calumet, county of Cook, state of Illinois.

4. That at all times complained of herein, defendant DIANE MCKENZIE MSN, APRN, BC (hereinafter referred to as "MCKENZIE") was and is a licensed to practice her profession under the laws of the state of Illinois and practicing her profession in the city of Calumet, county of Cook, state of Illinois.

5. That at all times complained of herein, defendant CHRISTIAN COMMUNITY held itself out and informed the public, including decedent TIMOTHY INGRAM, that is possessed the requisite skill, competence, know-how, facilities, equipment, information and personnel to properly care for and treat the public including decedent TIMOTHY INGRAM.

6. That at all times complained of herein, defendant CHRISTIAN COMMUNITY employed medical personnel including, but not limited to, nurses and physicians to provide care and treatment to the patients therein.

2

7. That on or about September 11, 2006, TIMOTHY INGRAM, presented himself to CHRISTIAN COMMUNITY complaining of dizziness, nausea, lack of strength, loose stool, and was not able to hold down food in his stomach.

8. At all relevant times, CHRISTIAN COMMUNITY, Individually and through its agents, servants and/or employees owed a duty of care to TIMOTHY INGRAM, to immediately seek proper medical treatment for his injuries which he sustained while under their care.

9. That at said time and place, defendant MCKENZIE, individually and as an agent and employee of defendant CHRISTIAN COMMUNITY, evaluated decedent TIMOTHY INGRAM and prescribed some medication and discharged him on September 11, 2006.

10. That defendant CHRISTIAN COMMUNITY, by and through its agents, servants or employees, failed to properly monitor, diagnose and treat plaintiff TIMOTHY INGRAM.

11. That the defendant CHRISTIAN COMMUNITY by and through its agents, servants or employees, had a duty to treat plaintiff TIMOTHY INGRAM in accordance with accepted standards of prevailing medical practice in the Chicago area.

12. That the defendant CHRISTIAN COMMUNITY, by and through its agents, servants or employees, was negligent in the care and treatment of plaintiff TIMOTHY INGRAM in one or more of the following respects:

   a. Carelessly and negligently failed to supervise physicians and nurses employed by CHRISTIAN COMMUNITY;

b. Carelessly and negligently failed to appropriately attend to a critically ill patient while his condition worsened;

c. Carelessly and negligently failed to seek immediate medical attention, or to direct TIMOTHY INGRAM, to an emergency room;

d. Carelessly and negligently failed to employ qualified medical personnel who were trained and licensed to care for medical conditions presented by patients while at CHRISTIAN COMMUNITY;

e. Carelessly and negligently failed to recognize a life-threatening condition;

f. Carelessly and negligently failed to diagnose plaintiff TIMOTHY INGRAM illness in a timely manner;

g. Carelessly and negligently failed to have sufficient competent medica staff capable or recognizing TIMOTHY INGRAM condition and bringing it to the attention of a physician;

h. Carelessly and negligently discharged TIMOTHY INGRAM from CHRISTIAN COMMUNITY on September 11, 2006.

13. As a direct and proximate result of the aforementioned careless and negligent acts or omissions by defendant CHRISTIAN COMMUNITY, individually and through its agents, servants and/or employees, plaintiff TIMOTHY INGRAM, was caused to suffer tremendous pain, and he eventually died on September 15, 2006.

WHEREFORE, the plaintiff LULA INGRAM, Individually and as Special Administrator and Special Representative of the Estate of TIMOTHY INGRAM, deceased seeks judgement against defendant CHRISTIAN COMMUNITY HEALTH CARE CENTER in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the cost of this action.

## COUNT II
## NURSE DIANE MCKENZIE

1. That during the year 2006 and at all times relevant herein, Defendant DIANE MCKENZIE MSN, APRN, BC, was a nurse duly licensed to practice her profession under the laws of the State of Illinois and was engaged in the practice of her profession in the City of Calumet, County of Cook, State of Illinois.

2. That at all times complained of herein, defendant, DIANE MCKENZIE MSN, APRN, BC, was an apparent and actual agent, servant, and employee of defendant CHRISTIAN COMMUNITY, and was acting within the scope of said agency and employment relationship.

3. That on or about September 11, 2006, Plaintiff TIMOTHY INGRAM presented to the CHRISTIAN COMMUNITY complaining of dizziness, nausea, lack of strength, loose stool, and was not able to hold down food in his stomach.

4. That on or about September11, 2006 Plaintiff TIMOTHY INGRAM was treated in the CHRISTIAN COMMUNITY and came under the care of Defendant DIANE MCKENZIE, MSN, APRN, BC.

5. That Defendant, DIANE MCKENZIE, MSN, APRN, BC, administered Ibuprofen and Compazine medication to Plaintiff TIMOTHY INGRAM, but the medication provided Plaintiff no relief and plaintiff was discharged from CHRISTIAN COMMUNITY on September 11, 2006.

6. That Defendant, DIANE MCKENZIE, MSN, APRN, BC had a duty to treat

Plaintiff TIMOTHY INGRAM in accordance with accepted standards of medical practice and opinion prevailing in the greater Chicago area and to exercise that degree of care and caution commonly exercised by other members of her profession in the community.

7. That Defendant DIANE MCKENZIE, MSN, APRN, BC, was negligent in the care and treatment of Plaintiff TIMOTHY INGRAM in one or more of the following respects:

   a. Carelessly and negligently failed to properly interpret Plaintiff TIMOTHY INGRAMS'S history and symptoms;

   b. Carelessly and negligently failed to adequately evaluate Plaintiff TIMOTHY INGRAM in a timely manner;

   c. Carelessly and negligently failed to alert a physician, that Plaintiff TIMOTHY INGRAM did not have much relief after Ibuprofen and Compazine was administered;

   d. Carelessly and negligently failed to follow all applicable medical clinic policies, procedures, rules and regulations in the care and treatment of TIMOTHY INGRAM;

   e. Carelessly and negligently failed to properly diagnose and treat the plaintiff TIMOTHY INGRAM medical condition;

   f. Carelessly and negligently failed to refer the Plaintiff TIMOTHY INGRAM to a hospital emergency room, or call an ambulance;

   g. Carelessly and negligently discharged TIMOTHY INGRAM from CHRISTIAN COMMUNITY on September 11, 2006 without consulting a physician.

8. That as a direct and proximate result of the aforesaid acts or omissions of Defendant, DIANE MCKENZIE, MSN, APRN, BC Plaintiff TIMOTHY INGRAM suffered great pain, injury and death and as a direct result of the negligence of DIANE

6

MCKENZIE, MSN, APRN, BC TIMOTHY INGRAM medical condition was not timely diagnosed and treated and he was discharged from CHRISTIAN COMMUNITY and on September 15, 2006 died of Septic Shock.

WHEREFORE, plaintiff LULA INGRAM, Special Administrator and Special Representative prays for judgement against defendant DIANE MCKINZIE MSN APRN, BC., Individually and as its agent and employee of CHRISTIAN COMMUNITY HEALTH CARE CENTER , in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs.

## COUNT III
## SURVIVAL ACT

1. Plaintiff repeats, realleges, and incorporates Paragraphs 1-13 of Count I, paragraphs 1-8 of Count II with same force and effect as though fully set forth herein.

2. That TIMOTHY INGRAM survived from September 11, 2006 to September 15, 2006.

3. That during the aforesaid time, TIMOTHY INGRAM suffered severe pain as a direct and proximate result fo the negligent care and treatment of the defendants.

WHEREFORE, plaintiff TIMOTHY INGRAM, individually and as Special Administrator and Special Representative of the Estate of TIMOTHY INGRAM seeks judgement against defendants CHRISTIAN COMMUNITY HEALTH CARE CENTER and DIANE MCKENZIE, MSN APRN, BC., individually and as agents, servants, or employees of CHRISTIAN COMMUNITY HEALTH CARE CENTER, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus the costs of this lawsuit.

/s/ Timothy R. Tyler

Timothy R. Tyler
**TIMOTHY R. TYLER & ASSOCIATES, P.C.**
120 West Madison
Suite 505
Chicago, Illinois 60602
(312) 920-1745

February 8, 2008

I am a physician licensed to practice medicine in the state of Illinois. I am knowledgeable of the relevant medical issues and I have practiced in the last five years family medicine, and emergency medicine. I have been practicing medicine for over fourteen years. I have reviewed the clinic records from Christian Community Health Care Center and the medical records from St. Margarets Hospital related to Timothy Ingram.

Mr. Timothy Ingram was a 41 year male with no significant past medical history presented to Christian Community Health Care Center on September 11, 2006. He complained of feeling dizzy, nauseated, lack of strength, and he could not hold down food in his stomach. Timothy Ingram had loose stool according to the history obtained by Diane Mckinzie, APN who evaluated Mr. Ingram. His vital signs were, 97.1 temperature his blood pressure 130/80 his pulse was 120 and his respiratory rate 24. The physical examination was only positive for red swollen turbinates. He was diagnosed with viral syndrome and discharged home on Ibuprofen and Compazine. Mr. Ingram was seen at St. Margarets hospital emergency room at 7:00 a.m. on September 14, 2006 he was found to have blow glucose of 500. He blow glucose was 1802 and his pat was 702. He died in the hospital on September 15, 2006.

The care provided by Diane Mckenzie and the Christian Community Health Care Center was below the standard of care. The history obtained at Christian Community Health Care Center was shallow. A simple blood glucose and a urinalysis which could have been done in the clinic it would have revealed that Mr. Ingram had uncontrolled Diabetic Mellitus and Diabetic Ketoacdiosis. With a pulse rate of 120 and a respiratory rate of 24 Mr. Ingram was too sick to be discharged home without further testing or evaluation. He should have been referred to the emergency room. The care provided by nurse Mckenzie and Christian Community Health Care Center directly contributed to Mr. Ingram's demised. Had the diagnosis of Diabetic Ketoacidosis been made on September 11, 2006 it is highly probable that Mr. Ingram would have survived.

_____
Dr. Adeymi Fatoki

## ATTORNEY'S AFFIDAVIT

I, Timothy R. Tyler, an attorney, on oath, do hereby state that in the case of **Ingram vs. Christian Community Health Care Center, et al.**, I have consulted with a physician, whom I reasonably believe:

a. Is knowledgeable in the relevant issues involved in this action.

b. Has practiced within the last six years in the same area of medicine that is at issue in this action.

c. Is qualified by experience in the subject of this case.

The physician has determined in a written report, after a review of the medical records, and other relevant material involved in this action, that there is a reasonable and meritorious cause for the filing of this action.

I have concluded on the basis of the reviewing physician's review and consultation, that there is a reasonable and meritorious cause for the filing of this action against the Defendants, Christian Community Health Care Center and Diane McKenzie MSN, APRN, BC.

_____
Timothy R. Tyler

Subscribed and Sworn to before me this 12th day of February, 2008

_____
Notary Public

MELISSA BOCANEGRA
MY COMMISSION EXPIRES
MARCH 17, 2010

Attorney No. 28788

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

LULA INGRAM, Individually and as                )
Special Administrator and Special Representative )
of Estate of TIMOTHY R. INGRAM, deceased,        )
    Plaintiff,                                 )
                                                )
                                                )   No.
v.                                              )
                                                )
                                                )
CHRISTIAN COMMUNITY HEALTH                      )
CARE CENTER and, DIANE MCKENZIE                 )
MSN, APRN, BC Individually and as agent s       )
and, servant, or employee of CHRISTIAN          )
COMMUNITY HEALTH CARE CENTER                    )
    Defendants.

### RULE 222(B) AFFIDAVIT

I, Timothy R. Tyler, being duly sworn under oath, state as follows:

1. That I am the attorney for the Plaintiff, LULA INGRAM, Individually and as Special Administrator and Special Representative of Estate of TIMOTHY R. INGRAM, deceased.

2. That based on my belief and information available damages in this cause of action will exceed $50,000.00.

                                                                            Timothy R. Tyler

Subscribed and Sworn to before me this 12th day of February, 2008.

Melissa Bocanegra
Notary Public



MELISSA BOCANEGRA
MY COMMISSION EXPIRES
MARCH 17, 2010

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Lula Ingram, Individually and as Special Administrator of the Estate of Timothy Ingram v. Christian Community Health Care Center and Diane McKenzie, etc., et al.*, No. 2008 L 001606 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Christian Community Health Care Center was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Diane McKenzie was acting within the scope of her employment at the Christian Community Health Care Center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, the Christian Community Health Care Center and Diane McKenzie are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

_____
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
    for the Northern District of Illinois

Date: May 1, 2008

