UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LULA INGRAM, Individually and as Special Administrator and Special Representative of Timothy Ingram<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN COMMUNITY HEALTH CARE CENTER, and DIANE MCKENZIE, MSN, APRN, BC, Individually and as agents and servants of employee of Christian Community Health Care Center<br><br>Defendants. | No. 08 C 2587<br><br>Judge Gottschall<br><br>Formerly case No. 08 L 001606, Circuit Court of Cook County, Illinois |

**UNITED STATES' MOTION TO DISMISS FOR
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in support, states as follows:

1. On February 13, 2008, plaintiff Lula Ingram, individually as special administrator of Timothy Ingram, commenced the above civil action against defendants Roseland Christian Health Ministries d/b/a Christian Community Health Care Center, and Diane McKenzie MSN, FPN, BC, alleging medical malpractice. For purposes of this lawsuit, Diane McKenzie MSN, FPN, BC, was a nurse practitioner for Christian Community Health Care Center, a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. By operation of 42 U.S.C. § 233, Christian Community Health Care Center and Diane McKenzie MSN, FPN, BC are deemed to be employees of the United States for purposes of malpractice liability protection under the FTCA.

2. On May 6, 2008, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in place of Christian Community Health Care Network, and Diane McKenzie, MSN, FPM, BC, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d), and 42 U.S.C. § 233.

3. The FTCA is the "exclusive" jurisdictional basis for a common law tort claim against the United States or any employee "while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992).

4. No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179.

5. The complaint in this case does not allege that plaintiff ever presented the administrative claim required by the FTCA, and a search of the Department of Health and Human Services' computerized database of administrative tort claims reveals that plaintiff has not filed an administrative tort claim with the Department. Exhibit A (Declaration of Meredith Torres); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists).

WHEREFORE, this case should be dismissed as to the United States for failure to exhaust administrative remedies.[1]  Once dismissed, the remainder of the case should be remanded to state court.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        By: s/ Amanda A. Berndt
            AMANDA A. BERNDT
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 353-1413
            Amanda.Berndt@usdoj.gov

---

[1] Whether the dismissal is effectively with or without prejudice will depend on whether plaintiffs may still timely file an administrative claim under the savings provisions of 28 U.S.C. § 2679(d)(5), a question not before the court at this time.

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**NOTICE OF MOTION**

**UNITED STATES' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on May 9, 2008, to the following non-ECF filers:

Kenya A. Garrett
CCHC
13820 Lincoln Ave.
Dolton, IL 60419

s/ Amanda A. Berndt
AMANDA A. BERNDT
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 353-1413
Amanda.Berndt@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Lula Ingram, Individually and as Special Administrator and Special Representative of Estate of Timothy Ingram,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Christian Community Health Care Center and, Diane McKenzie MSN, APRN, BC, Individually and as agent and servants or employee of Christian Community Health Care Center,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DECLARATION OF
MEREDITH TORRES

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if a tort had been filed with the department with respect to Roseland Christian Health Ministries d/b/a Christian Community Health Center., its approved delivery sites, or its employees or qualified contractor, a record of that filing would be maintained in the Claims Branch's database.

GOVERNMENT
EXHIBIT
A

-2-

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Lula Ingram, individually, or on behalf of the estate of decedent, Timothy Ingram, or her authorized representative relating to the health center and Diane McKenzie, MS, FNP, BC.

5. I have also reviewed official agency records and determined that Roseland Christian Health Ministries d/b/a Christian Community Health Center was deemed eligible for Federal Tort Claims Act malpractice coverage effective April 1, 2004, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employee under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by an Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Roseland Christian Health Ministries are attached to this declaration as Exhibit 1.

5. Official agency records further indicate that Diane McKenzie was an employee of Roseland Christian Health Ministries at all times relevant to the Plaintiff's claim.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this _10th_ day of _April_, 2008.

_____
MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services